# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MADU J. CHINELO,**

        **Plaintiff,**

**-vs-**                                            **Case No. 6:11-cv-44-Orl-28KRS**

**CITY OF DAYTONA BEACH, Florida,
MICHAEL CHITWOOD, Chief of Police,
IRIBETH RIVERA and JAMES BISSA,
Officers of the Daytona Beach Police
Department,**

        **Defendants.**
_____

# ORDER

In a prior Order (Doc. 32), this Court granted Plaintiff leave to amend his complaint, and Plaintiff has filed a Second Amended Complaint (Doc. 33). Defendants Rivera and Bissa have filed Answers (Docs. 35 & 36), but Defendants Chitwood and the City of Daytona Beach have filed the Motion to Dismiss (Doc. 39) that is currently before the Court. These Defendants argue that Plaintiff has failed to allege a basis for liability against them in this case brought pursuant to 42 U.S.C. § 1983.

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

"'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). "Thus, wildly implausible allegations in the complaint should not be taken as true, but the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

Count VI of the Amended Complaint is the only count against Defendant Chitwood, and Count VII of the Amended Complaint is the only count against the City. Count VI alleges that Defendant Chitwood, as the Chief of Police, "has develop[ed] a practice and custom of violating the constitutional rights and especially the Fourth Amendment within the African-American community" and that this practice and custom resulted in the constitutional violations committed by Defendants Rivera and Bissa that are alleged in Counts I through V. Count VII alleges that the City is liable for the acts of its employees committed in bad faith and that the City's failure to supervise the individual Defendants led to the alleged constitutional violations at issue.

Affording the Second Amended Complaint a liberal construction due to Plaintiff's *pro se* status, Counts VI and VII sufficiently state a basis for § 1983 liability against Chitwood and the City. Plaintiff alleges that Chitwood developed a practice and custom that led to the constitutional violations by the individual officers involved, and the Court finds this allegation

sufficient at this stage of the case to allege an individual liability claim against him in Count VI. And, although the City is correct that liability may not be imposed against a municipality based solely on respondeat superior, Plaintiff has pled—though in a prior count—a municipal practice and custom. Construed in light of the allegations in Count VI, Count VII may proceed as a count alleging municipal liability based on a practice or custom. Defendants may, of course, challenge the merits of Plaintiff's allegations at a later stage of the case.

Accordingly, it is **ORDERED** and **ADJUDGED** that the Motion to Dismiss (Doc. 39) filed by Defendants City of Daytona Beach and Michael Chitwood is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 30th day of October, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party